UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| METRO BUSINESS SYSTEMS, LLC, | ) | 3:20-CV-00507 (SVN) |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PLANITROI, INC., | ) | |
| *Defendant*. | ) | July 18, 2022 |

## DECISION AND ORDER ON PLANITROI, INC.'S MOTION TO DISMISS

Sarala V. Nagala, United States District Judge.

Plaintiff Metro Business Systems, LLC ("Plaintiff") brings the present action against PlanITROI ("Defendant"), alleging that Defendant misrepresented the quality of laptops that it sold Plaintiff, which Plaintiff in turn sold to its customers. Plaintiff alleges claims for breach of contract, fraud, and unfair trade practices under the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110(b) ("CUTPA").

Presently before the Court is Defendant's motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). Defendant argues that the Court lacks personal jurisdiction over it and, secondarily, that Plaintiff's complaint fails to state a claim upon which relief can be granted. For the reasons set forth below, the Court agrees that it cannot exercise personal jurisdiction over the Defendant and GRANTS the motion to dismiss the complaint in its entirety.

I.     **FACTUAL BACKGROUND**[1]

Plaintiff is a limited liability company with its principal place of business in Stamford, Connecticut. Am. Compl., ECF No. 20 ¶ 1. Plaintiff is in the business of selling personal computers, laptop computers, and related equipment. *Id.* ¶ 2. Defendant is a New Jersey corporation, with its principal place of business in New Jersey. *Id.* ¶ 3. Defendant sells personal computers, laptop computers, and related equipment. *Id.* At all relevant times, Defendant employed not less than two people to conduct its business in Connecticut. *Id.* ¶ 4. These employees lived in Connecticut and worked for Defendant at an office located in Shelton, Connecticut.[2] ECF No. 28-1 ¶¶ 6, 7.

In late December of 2019, Defendant informed Plaintiff that it had available for sale Grade A Refurbished Dell Latitude laptops that had never been deployed or used. ECF No. 20 ¶¶ 5, 6. Despite making these representations, Defendant's CEO knew that the laptops were not "Grade A Refurbished" and had in fact been deployed or used before. *Id.* ¶ 8. Relying on Defendant's representations that the laptops had not in fact been used, however, Plaintiff agreed to purchase the laptops. *Id.* ¶ 7.

Plaintiff took delivery of 7,000 laptops and paid Defendant in full. *Id.* ¶ 9. Plaintiff began attempting to resell the laptops and, based on Defendant's representations, marketed the units as unused laptops. *Id.* ¶¶ 10, 11. Plaintiff successfully sold approximately 1,500 of the laptops. *Id.* ¶ 10. Soon after Plaintiff delivered the laptops to its customers, however, Plaintiff was notified by its customers that the laptops had in fact been used before. *Id.* ¶ 12. Plaintiff was forced to adjust the price its consumers paid to properly reflect that the laptops were previously used, and refunded

---

[1] For purposes of the present motion to dismiss based on lack of personal jurisdiction, the Court construes all pleadings and affidavits in the light most favorable to Plaintiff and resolves all doubts in Plaintiff's favor. *DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 84 (2d Cir. 2001).
[2] Defendant disputes that it owned or leased any property in Connecticut, including in Shelton. ECF No. 30.

the difference in price to the consumers. *Id.* ¶ 14. On the basis of these allegations, Plaintiff brought the present claims for breach of contract, fraud, and unfair trade practices.

## II. MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

### A. Legal Standard

Federal Rule of Civil Procedure 12(b)(2) permits a defendant to raise lack of personal jurisdiction as a defense by motion before a responsive pleading. The plaintiff bears the burden of establishing personal jurisdiction over the defendant. *MacDermid, Inc. v. Deiter*, 702 F.3d 725, 728 (2d Cir. 2012) (quotation omitted). "[T]he showing a plaintiff must make to defeat a defendant's claim that the court lacks personal jurisdiction over it varies depending on the procedural posture of the litigation." *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 84 (2d Cir. 2013) (citation and internal quotation marks omitted). "Although . . . the plaintiff has the ultimate burden of establishing jurisdiction over [a] defendant by a preponderance of the evidence, . . . until an evidentiary hearing is held, [the plaintiff] need make only a *prima facie* showing by its pleadings and affidavits that jurisdiction exists." *CutCo Indus., Inc. v. Naughton*, 806 F.2d 361, 365 (2d Cir. 1986) (citation omitted). This *prima facie* showing requires "an averment of facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant." *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59 (2d Cir. 2012).

In considering whether such a showing was made, the pleadings and any affidavits submitted "are construed in the light most favorable to [the] plaintiff and all doubts are resolved in its favor." *CutCo Indus., Inc*, 806 F.2d at 365; *Seetransport Wiking Trader Schiffarhtsgesellschaft MBH & Co., Kommanditgesellschaft v. Navimpex Centrala Navala*, 989 F.2d 572, 580 (2d Cir. 1993) ("If the parties present conflicting affidavits, all factual disputes are

resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party."). Here, the Court has not held an evidentiary hearing. Thus, Plaintiff is required only to make a *prima facie* showing that this Court possesses personal jurisdiction over Defendant.

"Personal jurisdiction over a defendant in a diversity action is determined by the law of the forum in which the court sits." *CutCo Indus., Inc*, 806 F.2d at 365. Under both Connecticut Supreme Court and Second Circuit precedent, determining whether a court has personal jurisdiction requires a two-step analysis: first, the Court must determine whether Connecticut's long-arm statute supports the Court's exercise of personal jurisdiction over the foreign defendant; second, the Court must determine whether such exercise of personal jurisdiction comports with the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Thomason v. Chem. Bank*, 234 Conn. 281, 285–86 (1995) (stating that the Connecticut long-arm statute permits a trial court to exercise personal jurisdiction over a foreign defendant "only if the defendant's intrastate activities meet the requirements both of our statute and of the due process clause of the federal constitution"); *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163–64 (2d Cir. 2010) ("To determine personal jurisdiction over a non-domiciliary . . . the Court must engage in a two-step analysis. . . . First, we apply the forum state's long-arm statute. . . . If the long-arm statute permits personal jurisdiction, the second step is to analyze whether personal jurisdiction comports with the Due Process Clause of the United States Constitution." (citations omitted)).

B. <u>The Connecticut Long-Arm Statute</u>

Turning first, as the Court must, to the Connecticut long-arm statute, Connecticut General Statute § 33-929(f),[3] provides:

> Every foreign corporation shall be subject to suit in this state, by a resident of this state or by a person having a usual place of business in this state, whether or not such foreign corporation is transacting or has transacted business in this state and whether or not it is engaged exclusively in interstate or foreign commerce, on any cause of action arising as follows:
>
> 1. out of any contract made in this state or to be performed in this state;
>
> 2. out of any business solicited in this state by mail or otherwise if the corporation has repeatedly so solicited business, whether the orders or offers relating thereto were accepted within or without the state;
>
> 3. out of the production, manufacture or distribution of goods by such corporation with the reasonable expectation that such goods are to be used or consumed in this state and are so used or consumed, regardless of how or where the goods were produced, manufactured, marketed or sold or whether or not through the medium of independent contractors or dealers; or
>
> 4. out of tortious conduct in this state, whether arising out of repeated activity or single acts, and whether arising out of misfeasance or nonfeasance.

Defendant contends that none of the above subsections of the long-arm statute apply here. In its briefing and in its presentation at oral argument, Plaintiff ignored the long-arm statute entirely, and made no arguments concerning which, if any, of the above subsections apply. The Court could thus consider the issue waived. In the interest of resolving the case on the merits, however, the Court will analyze the applicability of the long-arm statute.

---

[3] At oral argument, for the first time, Plaintiff claimed the Court has personal jurisdiction over the Defendant under Conn. Gen. Stat. § 52-59b. This provision, however, pertains to "nonresident individuals, foreign partnerships, and foreign voluntary associations." As Defendant is a corporation, § 52-59b does not apply. Rather, the correct long-arm statute to apply is Conn. Gen. Stat. § 33-929.

It is clear to the Court that subsections (1), (2), and (4) do not apply to this action. The contract at issue was entered into and completed in New Jersey. ECF No. 26-4.[4] There are no allegations that Defendant repeatedly, or ever, solicited business within Connecticut. Finally, there are no allegations that Defendant committed any action, let alone tortious action, within the state of Connecticut. *See generally* ECF No. 20. Thus, the Court must determine whether this case arises out of Defendant's "production, manufacture or distribution of goods by such corporation with the reasonable expectation that such goods are to be used or consumed in this state and are so used or consumed, regardless of how or where the goods were produced, manufactured, marketed or sold or whether or not through the medium of independent contractors or dealers." Conn. Gen. Stat. § 33-929(f)(3).

The purpose of Section 33-929(f)(3) is "to enable Connecticut courts to exercise jurisdiction over manufacturers in product liability suits which did not themselves directly ship their products to Connecticut." *OneBeacon Ins. Grp. v. Tylo AB*, 731 F. Supp. 2d 250, 255 (D. Conn. 2010). Thus, it is not clear that this provision would apply to a contract dispute like that at issue here. Assuming *arguendo* that it would, Plaintiff must demonstrate "(1) that the defendant could reasonably have anticipated being brought into court in Connecticut by a person who had used goods that it had distributed with the reasonable expectation that they would be used in Connecticut, and (2) that the plaintiff's cause of action is not materially different from an action that might have resulted directly from that use." *Divicino v. Polaris Indus.*, 129 F. Supp. 2d 425,

---

[4] While the Court draws all reasonable inferences in favor of Plaintiff, the Court will accept as true "all undisputed factual allegations for purposes of determining personal jurisdiction." *Moreno v. Aerostar Airport Holdings*, LLC, No. 3:15-CV-1194(VAB), 2016 WL 5844464, at *2 (D. Conn. Sept. 30, 2016). Thus, where the factual assertions in Defendant's affidavit are unopposed, the Court will assume their veracity. Plaintiff does not contest that the contract at issue was entered into and completed in New Jersey.

6

430 (D. Conn. 2001). In making this determination, the Court must look at the totality of the defendant's conduct and connection to Connecticut. *OneBeacon Ins. Grp.*, 731 F. Supp. 2d at 255.

After examining all of the circumstances in the present case, it is clear to the Court that the facts as alleged in the Amended Complaint (and supplemented through Plaintiff's affidavits in opposition to the motion to dismiss) do not demonstrate that Defendant is subject to jurisdiction under Connecticut's long-arm statute. There are no allegations in the Amended Complaint regarding Defendant's knowledge, or lack thereof, that Plaintiff was a Connecticut resident. There are no allegations that Defendant knew Plaintiff intended to bring the laptops from New Jersey to Connecticut in order to resell them. There are no allegations that Defendant had done prior business with Plaintiff or that Defendant had any reason whatsoever to believe that its laptops would eventually be resold, or brought into, Connecticut. Finally, the Amended Complaint does not even specify whether the laptops actually were sold to Connecticut customers or were sold to other customers out of state.[5] Instead, the Amended Complaint simply states that Plaintiff is a Connecticut corporation that "took delivery" of 7,000 laptops from Defendant. ECF No. 20 ¶ 9. The Amended Complaint "leaves no basis for an inference that [Defendant] had reason to believe that its goods would be used or consumed in Connecticut." *Shaw v. Am. Cyanamid Co.*, 534 F. Supp. 527, 531 (D. Conn. 1982). Defendant could not have anticipated it would be brought into court in Connecticut to answer the factual allegations of the Amended Complaint.

These anemic factual allegations stand in stark contrast to cases where personal jurisdiction was found to exist under § 33-929(f)(3). *See OneBeacon Ins. Grp.,* 731 F. Supp. 2d at 256 (defendant had fifteen-year relationship with American distributor that it knew worked in the northeastern United States including Connecticut); *Divicino,* 129 F. Supp. 2d at 431 (defendant

---

[5] At oral argument, Plaintiff represented that the laptops were sold online to consumers both inside and outside of Connecticut. Thus, not even all of the laptops at issue were used in Connecticut.

located in Vermont regularly conducted business with Connecticut residents and knew that many of his customers took his products from Vermont back to Connecticut); *Simeone v. Fed. Press Co.*, 40 Conn. Supp. 173, 175 (Conn. Super. Ct. 1984) (defendant admitted shipping product to Connecticut and thus had a reasonable expectation that such goods would be used in Connecticut). Since the Amended Complaint does not allege that Defendant had a reasonable expectation that its goods would be distributed or used in Connecticut, the only remaining provision of the long-arm statute is not satisfied, and the Court lacks personal jurisdiction over Defendant.

### C. Due Process

As the Amended Complaint does not contain allegations sufficient to satisfy the state long-arm statute, the Court is without jurisdiction and its analysis need go no further. However, even if the long-arm statute allowed the Court to exercise jurisdiction over the Defendant, doing so would violate Defendant's Fourteenth Amendment right to due process. "The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which [the individual] has established no meaningful contacts, ties, or relations." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471–72 (1985) (citation and internal quotation marks omitted). For a court to exercise personal jurisdiction over a defendant consistent with constitutional due process, the defendant must have sufficient "minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citation and internal quotation marks omitted).

Under the Constitution, there are two distinct forms of personal jurisdiction: (1) the court may exercise *general* personal jurisdiction if the defendant's "affiliations with the [forum] State are so continuous and systematic as to render them essentially at home in the forum state"; or (2)

the court may exercise *specific* personal jurisdiction if the action arises out of or relates to the defendant's contacts with the forum, even if such contacts are limited to a single or an occasional act within the forum. *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (citations and internal quotation marks omitted). Except in truly "exceptional" situations, general personal jurisdiction, which permits any cause of action against a defendant, is appropriate over a corporation "only where it is incorporated or maintains its principal place of business[.]" *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 627 (2d Cir. 2016).

Specific jurisdiction, on the other hand, covers "defendants less intimately connected with a State, but only as to a narrower class of claims." *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021). Specific jurisdiction is appropriate when a defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King*, 471 U.S. at 475 (citations and internal quotation marks omitted). In other words, a Court may have specific jurisdiction over an action "if the defendant has 'purposefully directed' [their] activities at residents of the forum . . . and the litigation results from alleged injuries that arise out of or relate to those activities[.]" *Id.* at 472–73 (citations and internal quotation marks omitted). "Once it has been decided that a defendant purposefully established minimum contacts within the forum State, these contacts may be considered in light of other factors," such as the parties' interests, the forum state's interest in adjudicating the dispute, and the judiciary's interest in efficient resolution of disputes, to determine whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" *Id.* at 476 (quoting *Int'l Shoe*, 326 U.S. at 320).

Plaintiff's opposition to the motion to dismiss contends that the Court possesses "at least general jurisdiction." ECF No. 28 at 10. Further, at oral argument Plaintiff repeatedly asserted

9

that the Court has general, not specific, jurisdiction over Defendant. Plaintiff believes general jurisdiction is appropriate because Defendant had two employees who lived and worked in Connecticut, and because Defendant "used, throughout 2020, office space in Shelton, CT." *Id.*

Such contacts, however, are emphatically not enough to establish that this is an exceptional case in which Defendant was essentially at home in Connecticut, despite being incorporated and having its principal place of business in New Jersey. *See Brown*, 814 F.3d at 622, 628–29. (corporation was not subject to general jurisdiction in Connecticut despite having leased a 9,000 square foot office space for many years in Connecticut, employing between thirty and seventy people in Connecticut, and making revenue of $160 million for Connecticut-based work). Thus, despite Plaintiff's protestations at oral argument, the only possible type of jurisdiction for this Court to potentially exercise in the present case would be specific jurisdiction related to the actions giving rise to the present dispute.

In order for this Court to have specific jurisdiction over the instant case, there must be "a strong relationship among the defendant, the forum, and the litigation," as this is "the essential foundation of specific jurisdiction." *Ford Motor Co.*, 141 S. Ct. at 1028. Plaintiff has failed to make this showing. The only relationships discussed between Defendant and the forum are that Defendant employs two persons and uses office space in Connecticut. ECF No. 28-1 ¶¶ 6–7. There are no allegations, however, that either of these employees were involved in any way in the present dispute. The mere presence of a company in a state, no matter how large the presence, does not grant a court specific jurisdiction where the company's conduct in the state has no relation to the instant litigation. *See Bristol-Myers Squibb Co. v. Superior Ct. of Cal., San Francisco Cnty.*, 137 S. Ct. 1773, 1782 (2017); *Donner v. Knoa Corp.*, No. CIV.A.3:01-CV2171 (JCH), 2002 WL 31060366, at *3 (D. Conn. July 29, 2002) ("personal jurisdiction cannot be invoked over a foreign

corporation merely because it has an office or employee in Connecticut, even if an employee maintains the office or performs work for the corporation on a permanent basis"). Here, the only allegation regarding this case's relationship to the forum is that a Connecticut corporation purchased laptops. ECF No. 20 ¶ 9. The allegations in the Amended Complaint are so sparse, in fact, that it was only upon questioning at oral argument that Plaintiff represented some of the laptops were resold to Connecticut residents and some were shipped elsewhere.

Even as related to the laptops Plaintiff brought into Connecticut, it is not Plaintiff's, but, rather, the "defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Walden v. Fiore*, 571 U.S. 277, 285 (2014). It is not enough that Plaintiff had connections to the forum state: "[D]ue process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the random, fortuitous, or attenuated contacts he makes by interacting with other persons affiliated with the State." *Id.* (internal quotations omitted). There are no allegations that Defendant solicited Plaintiff's business in Connecticut. Nor are there any allegations that any of the conduct at issue in this case took place in Connecticut. It is clear that Defendant does not have the requisite contacts with Connecticut relevant to the instant case such that the Court can exercise jurisdiction over it consistent with the Constitution's due process requirement.

D. Jurisdictional Discovery

At oral argument, for the first time, Plaintiff argued that it should at least be afforded the opportunity to conduct jurisdictional discovery to determine whether the Court has personal jurisdiction over Defendant. While the "standard for awarding jurisdictional discovery is low," it requires at least some showing of merit. *Universal Trading & Inv. Co. v. Credit Suisse (Guernsey) Ltd.*, 560 F. App'x 52, 55 (2d Cir. 2014). To be entitled to jurisdictional discovery, Plaintiff must

11

allege facts that "if credited…, would suffice to establish jurisdiction over the defendant." *Id.* (quoting *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001); *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 186 (2d Cir. 1998) (district court did not err in denying jurisdictional discovery where the plaintiff failed to show a prima facie case that court had personal jurisdiction). As discussed at length above, Plaintiff has failed to make such a showing in the present action and thus is not entitled to jurisdictional discovery.

### III.  LEAVE TO AMEND

Finally, Defendant argues that Plaintiff should not be allowed to further amend its complaint in an effort to correct the jurisdictional issues.  The Court agrees.  Plaintiff has already had the opportunity to amend its complaint once.  Such amendment was made after Defendant filed its initial motion to dismiss, so Plaintiff knew precisely what deficiencies it should aim to remedy.  Despite this knowledge, Plaintiff's Amended Complaint did not correct the jurisdictional deficiencies.  Further, at oral argument, Plaintiff admitted that it had no additional facts related to specific jurisdiction that would allow it to correct these issues.  Instead, Plaintiff contended that it would add facts to the complaint related to Defendant's maintaining office space in Connecticut, and possibly facts related to other transactions Defendant has completed with third parties in the state of Connecticut.  Plaintiff contends that these facts will give the Court general jurisdiction over Defendant.  Again, Plaintiff is mistaken.  None of those additional facts, even if true, would render the Defendant essentially "at home" in Connecticut.  Thus, the Court would remain without general jurisdiction over Defendant.  Given Plaintiff's arguments, it is clear to the Court that any amendment would be futile as it could not correct the deficiencies in the Amended Complaint.  Thus, the case is dismissed without leave to amend.  *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## IV. CONCLUSION

As the Court has determined that it does not have personal jurisdiction over Defendant, it must dismiss this action and will not address Defendant's remaining contentions. Without personal jurisdiction, "the court is powerless to proceed to an adjudication" of the merits. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999).

For the reasons discussed herein, Defendant's Motion to Dismiss is GRANTED. The Clerk of Court is directed to close the case.

**SO ORDERED** at Hartford, Connecticut, this 18th day of July, 2022.

  /s/ *Sarala V. Nagala*  
 SARALA V. NAGALA  
 UNITED STATES DISTRICT JUDGE